UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SERLEEN S.[1]

                 Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

                 Defendant.

Case No. 3:19cv-00446-AC

OPINION AND ORDER

---

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Serleen S. ("Plaintiff") filed this action under 42 U.S.C. §§ 405(g) and 1383(c) of

the Social Security Act (the "Act"), to review the final decision of the Commissioner of Social

Security (the "Commissioner") who denied her supplemental security income ("Benefits"). The

court finds Plaintiff, a citizen of the Federated States of Micronesia, is properly characterized as a

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of
the non-governmental party in this case.

PAGE 1 - OPINION AND ORDER

nonimmigrant and, as such, is not eligible for Benefits. Accordingly, the Commissioner's final decision is affirmed.[2]

### Procedural Background

On or about September 9, 2016, Plaintiff filed an application for Benefits alleging an onset date of January 1, 2015. (Tr. of Social Security Administrative R., ECF No. 14 ("Admin. R."), at 47.) The application was denied initially based on a finding Plaintiff was not a United States citizen, United States national, or qualified alien and, as a result, was ineligible to receive Benefits. (Admin. R. at 54.) Plaintiff requested reconsideration, which was denied. (Admin. R. at 64, 70.) Plaintiff filed a request for a hearing claiming she was a national of Micronesia and qualified for Benefits under 20 C.F.R. § 416.1610(b). (Admin. R. at 70.)

After a hearing held on August 10, 2017 (the "Hearing"), Administrative Law Judge Robert Campbell ("ALJ") identified the "specific issue" to be "whether or not the claimant was domiciled in the Northern Mariana Islands under 20 C.F.R. 416.1610." (Admin. R. at 22.) The ALJ then considered Plaintiff's status as a citizen of Micronesia, her trips between Micronesia and the United States, and her plans to return to Micronesia. (Admin. R. at 23.) The ALJ applied a three-prong analysis to determine the issue of domicile and found Plaintiff failed to establish domicile in Micronesia. (Admin. R. at 23-24.) The ALJ reasoned: "[t]he claimant's substantially continuous presence in the United States rather than Micronesia and the totality of her conduct as well as statements about her intent to remain in the United States to raise her children and the vague and equivocal statements about her return to Micronesia suggest that the claimant has not met the domicile requirements to prove she is an interim citizen of the United States under 20 CFR

---

[2] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

PAGE 2 - OPINION AND ORDER

416.1610." (Admin. R. at 24.)   Accordingly, the ALJ found Plaintiff not eligible for Benefits based on her citizenship status. (Admin. R. at 24.)

Plaintiff appealed the ALJ's decision contending the ALJ erred by applying the domicile requirements applicable to individuals from the Northern Mariana Islands (20 C.F.R. § 416.1610) to Plaintiff, a citizen of Micronesia. (Admin. R. at 16-18.) The Appeals Council accepted review, identified Plaintiff as a Micronesian citizen at all relevant times, considered Plaintiff's eligibility under Public Law 104-193 (codified at 8 U.S.C. § 1611) because Plaintiff filed her application after August 22, 1996, and believed the exception found in Public Law 105-306 (8 U.S.C. § 1611(b)(5)) was not applicable because Plaintiff was not receiving Benefits before August 22, 1966. (Admin. R. at 7, 8, 10.) Consequently, the Appeals Council found Plaintiff "is not eligible for [Benefits] because she does not meet the alien eligibility requirements under the Social Security Administration's rules and regulations." (Admin. R. at 8.)

*Factual Background*

Plaintiff is forty-seven years old.  In her application, Plaintiff represented she was "not a United States citizen or national," she lived outside the United States from January 1, 2002, to December 31, 2006, she had been in the United States at all times since August 2, 2016, and she began living in Portland, Oregon, on March 20, 2006.  (Tr. of Social Security Administrative R., ECF No. 14 ("Admin. R."), at 47-48.)  Plaintiff lives with her husband and three children, does not have any resources, income, or bank account, and is receiving Supplemental Nutrition Assistance Program benefits. (Admin. R. at 49.)

At the Hearing, Plaintiff testified she was born in Micronesia in 1972 and lived there until she moved to the United States in 1992. (Admin. R. at 103.)  She met her husband in Oregon in 2000 and returned with him to Micronesia in 2002 when his mother became ill.  (Admin. R. at

PAGE 3 - OPINION AND ORDER

103-04.)  She remained in Micronesia for four years and returned to the United States in March 2006.  (Admin. R. at 103, 105.)  Plaintiff testified she has lived in the United States continuously since 2006.  (Admin. R. at 104.)  She worked in the United States "on and off" until she became disabled due to issues related to dialysis and has paid taxes to the United States government.  (Admin. R. at 104, 106.)  Plaintiff might return to Micronesia in the future, but not until her children have obtained college educations in the United States.  (Admin. R. at 106-07.)

*Legal Standard*

Title XVI of the Act provides for the payment of Benefits to individuals who are age sixty-five or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a) (2019).  When an individual seeks Benefits because of disability, a reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 1383(c)(3) (2019), *Comm'r of the Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Robbins* v. *Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tylitzki* v. *Shalala,* 999 F.2d 1411, 1413 (9th Cir. 1993).

The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins,* 466 F.3d at 882; *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001).  Thus, where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld, even where the evidence can support either affirming or reversing the ALJ's conclusion. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005).  The reviewing court must consider the entire record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of

PAGE 4 - OPINION AND ORDER

supporting evidence. _Lingenfelter v. Astrue,_ 504 F.3d 1028, 1035 (9th Cir. 2007). However, a reviewing court may not affirm the Commissioner on a ground upon which the Commissioner did not rely. _Orn v. Astrue,_ 495 F.3d 625, 630 (9th Cir. 2007); _see also Bray v. Comm'r Soc. Sec. Admin.,_ 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing _SEC v. Chenery Corp.,_ 332 U.S. 194, 196 (1947)).

### Discussion

Plaintiff again asserts the Commissioner erred by applying the wrong rules to determine Plaintiff's eligibility. Plaintiff argues she qualifies as an "alien permanently residing in the United States under color of law," pursuant to 20 C.F.R. §§ 416.202(b)(3) and 416.1618. The Commissioner argues Plaintiff, a citizen of Micronesia, is properly considered a "permanent nonimmigrant" under the Immigration and Nationality Act (8 U.S.C. §§ 1101-1189) (the "INA") and that 20 C.F.R. § 416.1618(b) expressly excludes nonimmigrants, such as Plaintiff, from eligibility for Benefits.

Benefits are available to "aged, blind, or disabled" residents of the United States who are "either (I) a citizen or (II) an alien lawfully admitted for permanent residence in the United States under color of law (including any alien who is lawfully present in the United Stats as a result of the application of the provisions of 212(d)(5) of the [INA]." 42 U.S.C. § 1382c(a)(1)((B)(i) (2019).[3] Related regulations expand the statute to include both "an alien lawfully admitted for permanent residence in the United States (§ 416.1615) [and] an alien permanently residing in the

---

[3] 20 C.F.R. § 416.1600 similarly described requirements for eligibility for Benefits include "you must be a resident of the United States and either a citizen, a national, or an alien with a lawful right to reside permanently in the United States."

PAGE 5 - OPINION AND ORDER

United States under color law (§ 416.1618)." 20 C.F.R. §§ 416.202(b)(2) and (4); 416.1600(b) and (c) (2020).

Members of the first group prove their status by providing documents from the Immigration and Naturalization Service ("INS") or the Northern Mariana Islands which prove the alien has been lawfully admitted to live in the United States. 20 C.F.R. § 416.1615 (2020). The parties do not argue, and Plaintiff apparently concedes, she has not been lawfully admitted to live in the United States by either the INS or under the status of permanent resident of the Northern Mariana Islands. Thus, Plaintiff does not fall within this first category.

The second group consists of aliens who have not been formally admitted to live in the United States but "are residing in the United States with the knowledge and permission of the [INS] and that agency does not contemplate enforcing your departure." 20 C.F.R. § 416.1618(a) (2020). The regulation explains the INS "does not contemplate enforcing your departure if it is the policy or practice of that agency not to enforce the departure of aliens in the same category or if from all the facts and circumstances in your case it appears that the [INS] is otherwise permitting you to reside in the United States indefinitely." 20 C.F.R. § 416.1618(a). The regulation identifies numerous aliens who fall within this category and the documentation needed to prove their status, such as various aliens admitted to the United States as refugees, parolees, deportees with an appropriate Form I-94; aliens granted voluntary, deferred, or suspended departure with an appropriate Form I-210, letter, or court order; aliens granted lawful temporary status with an appropriate Form I-688; or "[a]ny other aliens living in the United States with the knowledge and permission of the [INS] and whose departed that agency does not contemplate enforcing." 20 C.F.R. § 416.1618(b) (2020). An alien permanently residing in the United States under color of law must provide the requisite documentation or other information establishing they fall within

PAGE 6 - OPINION AND ORDER

this classification. 20 C.F.R. § 416.1618(c) (2020). Additionally, the Commissioner must contact INS to confirm that the document or the information provided is currently valid. 20 C.F.R. § 416.1618(d) (2020). In the event the alien provides no documentation, the Commissioner will not pay Benefits until it receives information from the INS "that indicates whether it contemplates enforcing your departure. If that agency does not contemplate enforcing your departure, we will pay you benefits if you meet all other eligibility requirements." 20 C.F.R. § 416.1618(d)(3)(iii).

Plaintiff argues 20 C.F.R. § 416.1618(d)(3)(i) establishes that "[w]here an applicant's status is valid for an indefinite period, the [Commissioner] assumes that the [INS] does not contemplate enforcing the claimant's departure, and therefore will pay [Benefits] if all other eligibility criteria are met." (Pl.'s Opening Br., ECF No. 15, at 4.) However, the application of 20 C.F.R. § 416.1618(d)(3)(i) is contingent on the applicant "hav[ing] a document that shows you have an [INS] status that is valid for an indefinite period." Based on the administrative record currently before the court, Plaintiff failed to provide a document showing her INS status. Because Plaintiff bears the burden of proving she meets the requisite residency status to be eligible for Benefits, she failed to meet this burden and the Commissioner's denial of Benefits therefore is affirmed. *See* *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (recipients of Benefits "are responsible for providing documentation and other evidence to establish they fulfill the residency and other eligibility requirements").

Additionally, it appears the Commissioner applied the proper law in finding Plaintiff not eligible for Benefits based on her status as a citizen of Micronesia. The Appeals Council found Plaintiff was a "citizen of the Federated States of Micronesia and defined as a 'permanent nonimmigrant'; therefore, while she is lawfully permitted to permanently reside and work in the United States, her legal status is not 'lawfully admitted for permanent residence' . . . which is a

PAGE 7 - OPINION AND ORDER

term of art in immigration law." (Admin. R. at 7.)  Accordingly, the Commissioner found Plaintiff

was not eligible for federal benefits under 8 U.S.C. § 1611.  (Admin. R. at 7.)

Generally, the question of whether an "alien" is eligible for federal benefits is governed by

the provisions found in 8 U.S.C. §§ 1611 and 1641.  The Ninth Circuit has applied these statutes

to a claim for Benefits under the Act.  See Genevier v. Comm'r of Soc. Sec., 430 Fed. Appx. 611

(9th Cir. 2011) (denying Benefits to claimant who failed to establish he was a "qualified alien"

under 8 U.S.C. §§ 1611(a) and 1641(b).)  The INA defines "alien" as "any person not a citizen or

national of the United States."  8 U.S.C. § 1101(a)(3) (2019).  The parties agree Plaintiff is not a

citizen or national of the United States and is properly considered an "alien" for the purposes of

the INA.

Under 8 U.S.C. §1611(a):  "Notwithstanding any other provision of law and except as

provided in subsection (b), an alien who is not a qualified alien (as defined in section 1641 of this

title) is not eligible for any Federal public benefit (as defined in subsection (c))."[4]  Included in the

exceptions found in "subsection (b)" is "eligibility for benefits for the program defined in section

1612(a)(3)(A) of this title (relating to the supplement security income program), or to eligibility

for benefits under any other program that is based on eligibility for benefits under the program so

defined, for an alien who was receiving such benefits on August 22, 1996."  8 U.S.C. §1611(b)(5)

(2019).  Plaintiff was not receiving Benefits prior to August 22, 1996; consequently, she is eligible

for Benefits only if she is a "qualified alien" as defined in 8 U.S.C. §1641.  See also SSA Programs

---

[4] "Federal public benefit" includes "any retirement, welfare, health, disability, public or assisted
house, postsecondary education, food assistance, unemployment benefit, or any other similar
benefit for which payments or assistance are provided to an individual, household, or family
eligibility unit by any agency of the United States or by appropriated funds of the United States."
8 U.S.C. §1611(c) (2019).

PAGE 8 - OPINION AND ORDER

Operations Manual System ("POMS") SI 00502.100(A)(2)(a)(1) (2018) ("In general, beginning 8/22/96, most aliens must meet 2 requirements to be eligible for Benefits: [1.]The noncitizen must be in a 'qualified alien' category (see SI 00502.100A.2), and [2. ]Meet an exception condition for qualified aliens (see SI 00502.100A.3.).".

As defined under 8 U.S.C. §1641(b), "qualified alien" is an alien who is: 1) lawfully admitted for permanent residence; 2) granted asylum; 3) admitted as a refugee; 4) on parole; 5) dealing with a delayed deportation; 6) granted conditional entry; or 7) a Cuban or Haitian entrant, all in accordance with specified provisions of the INA. Plaintiff is not in the United States under any of the criteria described in 8 U.S.C. §1641. Rather Plaintiff, as a citizen of Micronesia, is allowed to reside and work in the United States under the Compact of Free Association of 1985 (*amended by the* Compact of Free Association Amendments Act of 2003) (the "Compact"). 48 U.S.C. § 1901 note (2019) (Compacts of Free Association: Federated States of Micronesia and Republic of the Marshall Islands). The Compact expressly provides that citizens of the Federated States of Micronesia "may be admitted to, lawfully engage in occupations, and establish residence as a nonimmigrant in the United States." *Id.* at tit. II, art. IV, § 141. According to the express terms of the Compact, Plaintiff is a nonimmigrant.

The POMS similarly characterizes Plaintiff as a nonimmigrant. It provides: "Citizens of Compact of Free Association States are permanent nonimmigrants and, while lawfully permitted to permanently reside and work in the U.S., are not [lawfully admitted for permanent residence] (See GN 00303.400(B)(7)),[5] and thus are not qualified aliens. Since they are not citizens or

---

[5]GN 00303.400(B)(7) reads: "A Compact of Free Association nonimmigrant is a permanent immigrant who is residing in the U.S. under the provisions of the Compact of Free Association Act of 1985." SSA POMS GN 00303.400(B)(7) (2018). Plaintiff asserts GN 00303.400(B)(27), which defines a permanent nonimmigrant as a "citizen of one of the Compact of Free Association

PAGE 9 - OPINION AND ORDER

nationals of the United States, they are not eligible for [Benefits]."    SSA POMS SI 00502.100(A)(2)(a)(1) (2018).  Furthermore, the regulation on which Plaintiff relies to prove she is an alien permanently residing in the United States under color of law specifically excludes nonimmigrants, stating "None of these categories allows [Benefit] eligibility for nonimmigrants; for example, students or visitors."  20 C.F.R. § 416.1618(b).  The INA, the relevant regulations, and the Manual all make clear Plaintiff, a citizen of Micronesia, is properly characterized as a nonimmigrant and not eligible for Benefits.    Accordingly, the court finds the Commissioner applied the proper legal standards and his decision is supported by substantial evidence.  *See Flores v. Bowen*, 790 F.2d 740, 742 (9th Cir. 1986) ("properly enacted regulations have the force of law and are binding on the government until properly repealed" and "internal instructions are given some deference in interpreting regulations").

        In her reply brief, Plaintiff argues because the exclusion found in 20 C.F.R. § 416.1618(b) refers specifically to students or visitors, the exclusion is limited to temporary residents.  (Pl.'s Reply Br., ECF No. 17, at 1.)  However, the exclusion offers students and visitors only as examples of aliens who fall within the category of nonimmigrants; nothing in the exclusion or the context in which it appears suggests that students and visitors are intended to define the universe of aliens covered by that term.  Moreover, the Compact makes clear a citizen of Micronesia is properly characterized as a nonimmigrant.  Plaintiff's argument is without merit.

/ / / / /

---

states (currently the Federated States of Micronesia, the Republic of the Marshall Islands and Palau)" and, in a parenthetical clause, provides "Develop SSI eligibility under  PROCUL rules in SI 00501.420" requires her to be considered a permanent resident under color of law.  SSA POMS GN 00303.400(B)(7) (2018).  However, on its face, SI 00501.420 applies only to determinations under the pre-1996 immigration reform eligibility rules for Benefits and is not relevant here.

PAGE 10 - OPINION AND ORDER

*Conclusion*

The Commissioner's findings on Plaintiff's eligibility for Benefits, considering the record as a whole, are supported by substantial evidence and in accordance with proper legal standards. The decision of the Commissioner is AFFIRMED.

DATED this 26th day of May, 2020.

JOHN V. ACOSTA
United States Magistrate Judge

PAGE 11 - OPINION AND ORDER